TENNESSEE TEACHERS CREDIT UNION,)
                             )

       Plaintiff/Appellee,        )   Davidson Circuit
                             )   Trial No. 95C-3004
                             )

VS.                         )
                             )

ANITA ORR,             )   Appeal No.
                             )   01A01-9701-CV-00005
       Defendant/Appellant.     )

**FILED**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

**July 18, 1997**

APPEALED FROM THE CIRCUIT COURT
OF DAVIDSON COUNTY,
AT NASHVILLE, TENNESSEE

**Cecil W. Crowson**
**Appellate Court Clerk**

**HONORABLE WALTER C. KURTZ, JUDGE**

ANITA ORR
P.O. Box 198152
Nashville, TN 37219
PRO SE FOR DEFENDANT/APPELLANT

T. LARRY EDMONDSON, #5601
808 Broadway, Second Floor
Nashville, TN 37203
ATTORNEY FOR PLAINTIFF/APPELLEE

**APPEAL DISMISSED**

                     HENRY F. TODD
                     PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE,

**TENNESSEE TEACHERS CREDIT UNION,)**

)

     **Plaintiff/Appellee,**             )   **Davidson Circuit**

)   **Trial No. 95C-3004**

**VS.**                                )

)

**ANITA ORR,**                     )   **Appeal No.**

)   **01A01-9701-CV-00005**

     **Defendant/Appellant.**       )

# O P I N I O N

This appeal is from a judgment in favor of the captioned plaintiff in a suit to recover the amount due upon a loan secured by a lien upon an automobile. This background and nature of the judgment under review are as follows:

On August 18, 1995, the plaintiff caused to be issued an "Immediate Possession Warrant" from the General Sessions Court. The warrant contained the following oath:

> I, T. Larry Edmondson, Plaintiff(s), Plaintiff's attorney, do hereby make oath that, according to the affiant's information and belief, the Plaintiff is entitled to the possession of 1993 Chevy Camero (sic), VIN #2G1FP22P9P2103267, the value of which is $10,500.00, because: breach of contract.
>
> A copy of any writing upon which the Plaintiff's right of possession is founded is attached hereto.
>
> The Defendant has or detains the property, which was not subject to such seizure, detention, or execution, wherefore Plaintiff demands the possession thereof.
>
> I further make oath that I am entitled to a Writ of Possession upon the filing of this warrant because: UNDERLINE APPLICABLE CLAUSE) (1) <u>At least five days prior to the filing of this warrant I gave Defendant notice, together with a copy of this warrant and the attachments hereto, by certified mail, that I would appeal before the Metropolitan General Sessions Court of Davidson County, Tennessee, in Courtroom 11, Ben West Municipal Building, 100 James Robertson Pkwy. On August 18, 1995 at 9:00, which notice has either been received by the Defendant or was mailed to him at the address shown in the attached contract.</u>

(2) (a) That the property involved herein was obtained by fraud, misrepresentation, or theft, or that the Defendant is (b) concealing the property, (c) likely to remove it from the jurisdiction of the Court, (d) likely to dispose of the property, (e) endangering the property by unusually hazardous use or, (f) seriously impairing the Plaintiff's security in the property. Date: 8-18-1995

(Signature) _____ (Signature) _____

       Affiant                      Deputy Clerk

Although the oath states that a copy of the paper writing supporting plaintiff's right to immediate possession is attached to the oath, such a writing is not included in the record before this Court. However, the record does contain a certificate of title bearing the following notation:

Date of first security interest 3-25-94
First lien holder
Tennessee Teachers Credit Union

No other evidence of "right to immediate possession" is found in said certificate.

The warrant also contains a "Fiat" dated August 18, 1995, and reading is as follows:

**FIAT**

TO THE CLERK OF THE METROPOLITAN GENERAL SESSIONS COURT OF DAVIDSON COUNTY:

Upon the filing of the foregoing Warrant and upon the Plaintiff(s) giving bond as required by law in the penal sum of $10,500.00 Dollars, you will issue a Writ of Possession directing the Sheriff to take possession of the within described property and deliver it to the Plaintiff(s) and you will command the Sheriff to summon the Defendant(s) to appear and answer this Warrant at such time as may be fixed, but within ten days of the date of service.

Entered: 8-18-1995

_____ (Signature) _____
Judge Division ____ Metropolitan General Sessions Court

A "Writ of Possession" was issued by the Clerk on August 18, 1995.

The judgment, entered on August 31, 1995, reads as follows:

> Judgment for the Plaintiff for $0 and the costs of this suit, and for the possession of the property described in the warrant. Unless Plaintiff has already secured possession thereof, the officer is directed to take the property described in the warrant out of the possession of the Defendant(s) and deliver the same to the Plaintiff(s). The Plaintiff(s) shall dispose of said property in accordance with the applicable provisions of the Uniform Commercial Code and shall notify the Defendant(s) the amount to be credited against this judgment prior to the issuance of any Writ of Execution.
>
> Entered: 8-31-95
>
> _____(Signature)_____
> Judge, Division IV, Metropolitan General Sessions Court

The judgment bears the following notation:

> From which judgment ____deft____ prayed an appeal to the Circuit Court, which is granted upon __Oath____.
>
> Entered: 9-8-95
>
> _____(Signature)_____
> Judge, Division IV Metropolitan General Sessions Court

On June 5, 1996, the following order was entered by the Circuit Court:

## JUDGMENT

> This cause came on to be heard on May 1, 1996, upon the testimony of witnesses, proof submitted and argument of counsel, it is the opinion of this Court that a Judgment be entered against the Defendant, Anita Orr, in the amount of $18,227.26 plus a reasonable attorney's fees in the amount of $750.00 plus costs of this cause all for which execution may issue after the Plaintiff sells the 1993 Chevrolet Camaro which secures the indebtedness owned by the Defendant in accordance with the contract which gives rise to the Plaintiff's rights and the Uniform Commercial Code, and it further appears that the Defendant shall be given notice of the amount received from said sale and execution on the deficiency shall not issue for a period of 30 days while this Court retains jurisdiction over this matter so that the Defendant, Anita Orr, may challenge the reasonableness of the sale conducted by the Plaintiff.
>
> Accordingly, it is so ORDERED.

An order that adjudicates fewer than all the claims or the rights and liabilities of all the parties is not enforceable and is subject to revision at any time before entry of final judgment adjudicating all the claims, rights and liabilities of the parties. T.R.A.P. Rule 3(a), T.R.C.P. Rule 54.02

The above quoted order expressly reserved the question of the reasonableness of the sale of the chattel and the disposition or application of the proceeds. It was therefore not a final, appealable judgment.

This appeal is dismissed without prejudice to a further appeal after the entry of a final, appealable judgment. Costs of this appeal are taxed against the plaintiff/appellant. In event of a further appeal, the appellant may move this Court to consolidate the record of the present appeal with that of future proceedings to avoid duplication of expenses.

**APPEAL DISMISSED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE